KANSAS HOSPITAL ASSOCIATION: Bethany Medical Center: Asbury–Salina Regional Medical Center; and Stormont–Vail Regional Medical Center; and Inez Williams and Vanessa Brewer, Individually and on behalf of all similarly situated persons, Plaintiffs,

v.

Donna L. WHITEMAN in her official capacity as Secretary of the Kansas Department of Social and Rehabilitation Services, Defendant.

Civ. A. No. 93–4217–DES.

United States District Court, D. Kansas.

Oct. 13, 1994.

Charles R. Hay, Wayne T. Stratton, Goodell, Stratton, Edmonds & Palmer, Topeka, KS for Kansas Hosp. Ass'n, Bethany Medical Center, Asbury–Salina Regional Medical Center Inc., Stormont Vail Regional Medical Center.

Carol L. Boorady, Legal Services of Wichita, Wichita, KS, Stephen M. Kirschbaum, Jane K. Swanson, Wyandotte–Leavenworth Legal, Kansas City, KS, for Inez Williams, Vanessa L. Brewer, Gary Byers.

Reid Stacey, Social & Rehabilitation Services, Topeka, KS, Vickie J. Larson, S. William Livingston, Jr., Covington & Burling, Washington, DC, Bruce A. Roby, Kansas Dept. of S.R.S. Topeka, KS, for Kansas Dept. of Social and Rehabilitation Services.

C. Geraldine Umphenour, Office of Gen. Counsel, Dept. of Health & Human Services, Kansas City, MO, Jackie A. Rapstine, Office of U.S. Atty., Topeka, KS, for Secretary of Health and Human Services of U.S., Dept. of

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on plaintiffs Williams and Brewers' renewed motion for preliminary injunctive relief (Doc. 102) and plaintiffs Kansas Hospital Association; Bethany Medical Center; Asbury–Salina Regional Medical Center; and Stormont–Vail Regional Medical Center's motion for partial summary judgment (Doc. 110). Defendant Donna L. Whiteman, in her official capacity as Secretary of the Department of Social and Rehabilitative Services ("SRS") for the state of Kansas filed responses in opposition to both motions (Docs. 114, 117).

All plaintiffs contend that recent rulings by the Health Care Financing Administration ("HCFA"), have invalidated the Kansas Medicaid state plan amendment which raised the copayment for institutional services from $25 to $325.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 3, 1993, this court denied plaintiffs' motion for preliminary injunction to restrain defendant Whiteman from raising the Medicaid recipient copayment for institutional services from $25 to $325. *Kansas Hosp. Ass'n v. Whiteman*, 835 F.Supp. 1556 (D.Kan.1993). On September 16, 1994, the United States Court of Appeals for the Tenth Circuit affirmed that decision. *Williams v. Whiteman*, 36 F.3d 1106 (10th Cir.1994) (the district court did not clearly err in holding the balance of harms weighs against granting the injunction or in holding that the granting of the injunction would be adverse to the public interest).

The state, on February 1, 1994, sought approval of the plan amendment. ("SPA 93–25")

On March 22, 1994, HCFA's Associate Regional Administrator for Medicaid · wrote Whiteman expressing serious concerns about the proposed State Plan amendment, SPA 93–25, which raised the copayment from $25 to $325. HCFA was concerned enough about the potential negative impact on Medicaid recipients that Whiteman was asked to suspend the implementation of the policy. HCFA also asked for additional information from Whiteman seeking assurances that there would not be a chilling impact upon Kansas Medicaid beneficiaries' access to care.

In the response, the state argued that there was no indication that any Medicaid recipient had been negatively impacted, reiterated its belief that the copayment increase was valid and refused to suspend the implementation of the policy.

On July 28, 1994, Bruce C. Vladeck, HCFA Administrator, formally disapproved SPA 93–25. The Secretary is first consulted before the Administrator makes a determination of disapproval. 42 C.F.R. § 430.15(c)(2). In the letter of disapproval, the HCFA administrator concluded that "a copayment in the amount proposed by Kansas cannot be in the best interest of the Medicaid recipients." HCFA also outlined the process for seeking HCFA reconsideration.

The state presents the affidavit of Robert Epps, Commissioner of Income Support and Medical Services of SRS which states that Vince Cain, Chief, Medicaid Operations Branch, Region VII, HCFA Region VII office, said SRS could continue to use the $325 copayment while the agency is seeking reconsideration. On September 23, 1994, SRS submitted a request for reconsideration.

On October 7, 1994, this court held a hearing on plaintiffs' renewed motion for preliminary injunction and motion for partial summary judgment. At that hearing, plaintiffs introduced a letter dated October 6, 1994, from HCFA Regional Administrator, Joe L. Tilghman, to defendant Whiteman, informing her that SRS was being cited for being "out of compliance with sections 1902(a)(14) and 1902(a)(19) of the Social Security Act (the Act)." The letter further informed SRS would initiate compliance proceedings against Kansas pursuant to § 1904 of the Act and 42 C.F.R. § 430.35. Kansas was also put on notice that if the compliance proceedings were carried to conclusion, the state faces the risk of losing all or part of its federal

financial participation in the state's Medicaid program. SRS was also advised to submit a written plan to insure the copayment policy is in compliance with federal regulations.

During the hearing conducted before this court on October 7, 1994, individual plaintiffs argued that the circumstances had changed because HCFA had disapproved SPA 93–25 and had, just the day before the hearing, ordered into motion the procedure by which a state agency may be held accountable to answer why that agency is not in compliance with federal law. Individual plaintiffs argued that the harm to individual Medicaid recipients who might be dissuaded from seeking institutional services because of the increase in copayment was now coupled with the harm to all Medicaid recipients if the state of Kansas loses federal funding because its state Plan is not in compliance.

Defendant Whiteman argued that nothing had changed since this court's order denying the original preliminary injunction. In essence the defendant's position is that the HCFA ruling is not a final order and will not be so until the agency reconsideration determination is made. Defendant argues that she is convinced the state will win on the merits during the reconsideration process and implores the court to refrain from disturbing its earlier ruling.

### DISCUSSION

This court, in its November 3, 1993, Memorandum and Order carefully discussed and analyzed the issue which is now once again before it. The requirements for issuing a preliminary injunction have not changed and after entertaining argument on the issue, the court is unconvinced that the change in the factual circumstances surrounding the claim warrants the granting of the injunction or the motion for partial summary judgment.

■ This is not to imply that HCFA disapproval of SPA 93–25 should be taken lightly or that the institution of non-compliance proceedings by HCFA against the state of Kansas is anything other than a serious matter. The court is of the opinion, however, that prior to a final determination by the agency in the reconsideration and non-compliance proceedings, intervention by the court would be imprudent.

■ The court wishes to emphasize that the primary responsibility for administering the Medicaid program in Kansas rests with defendant Whiteman and the burden to insure compliance with the federal regulations applicable to Medicaid is upon the state. If the state is remiss, HCFA, because it is charged with determining whether a state plan is lawful and in the best interest of Medicaid beneficiaries, is responsible for directing the state back on track. North Carolina Dept. of Human Resources v. DHHS, 999 F.2d 767, 768, n. 1 (4th Cir.1993).

HCFA is currently exercising its authority to so direct. By disapproving SPA 93–25 and instituting non-compliance proceedings, the agency is following the proper course of events. That course is not completed, however, because the state of Kansas has a timely motion for reconsideration currently before the agency. 42 C.F.R. § 430.18. This reconsideration process will proceed pursuant to 42 C.F.R. § 430.60, et seq. and will culminate in a decision by the administrator which is "the final decision of the Secretary and constitutes 'final agency action' within the meaning of 5 U.S.C. 704 and a 'final determination' within the meaning of section 1116(a)(3) of the Act and § 430.38."

The court acknowledges that HCFA has more expertise in this area of the law than the courts and the agency's decisions are entitled to considerable deference. Missouri Dept. of Social Services, v. Sullivan, 957 F.2d 542, 544 (8th Cir.1992). The court is inclined to allow the administrative process to run its course before it acts, will be obliged to revisit this issue when a final decision from the agency is rendered.

Defendant's citation to Oregon Ass'n of Homes v. State, Dept. of H.Res., 5 F.3d 1239, 1243, n. 2 (9th Cir.1993) for the proposition that an initial HCFA finding is accorded no deference by the courts overstates the issue. HCFA's decisions at any level are persuasive simply because of the aforementioned expertise. Id. The court has chosen to allow the exhaustion of the administrative process for the very reason that the agency's interpreta-

tion of its own rules and regulations are persuasive and accorded deference.

■ The court is aware that should HCFA affirm its disapproval of SPA 93–25, the defendant has the right to appeal that decision directly to the United States Court of Appeals for the Tenth Circuit. 42 C.F.R. § 430.38(b). The court does not, however, find that it is thereby stripped of its power to grant injunctive relief. Injunctive relief is available against state officials whose actions derogate federal Medicaid laws. *Smith v. Miller,* 665 F.2d 172 (7th Cir.1981). This court may still, and would be so inclined to, revisit the issue once the agency issues a final determination.

Because the court has determined it will wait until HCFA has issued its final decision in this matter before entertaining the motion for preliminary injunction, it is obvious that the motion for partial summary judgment will likewise be dismissed.

The court encourages the parties to advise the court once a final decision is rendered by HCFA.

**IT IS THEREFORE BY THE COURT ORDERED** that the renewed motion for preliminary injunction (Doc. 102) is dismissed.

**IT IS FURTHER ORDERED** that the motion for partial summary judgment (Doc. 110) is dismissed.